IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Syed Owais Ahmed, | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:22-cv- |
| v. | ) | |
| | ) | |
| God is The Greatest, Inc. d/b/a Dave's | ) | Jury Demanded |
| Express; and Zulfiqar N. Ali, | ) | |
|     Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Syed Owais Ahmed ("Mr. Ahmed" or "Plaintiff"), and complains of God is The Greatest, Inc. d/b/a Dave's Express; and Zulfiqar N. Ali ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Syed Owais Ahmed files suit against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. The individual Defendant, Zulfiqar N. Ali, owns and operates gasoline stations and convenience stores in and around Houston, Texas ("Gas Stations"), including the Exxon branded gasoline station and convenience store doing business as "Dave's Express", located at 5706 Root Road, Spring, Texas 77389 ("Dave's Express").

3. In violation of 29 U.S.C. § 207(a), the Defendants failed to pay Mr. Ahmed's overtime wages while he routinely worked in excess of 40 hours a week as a convenience store clerk at Dave's Express.

4. The individual Defendant, Zulfiqar N. Ali, has a uniform enterprise-wide policy of not paying overtime wages to his Gas Station clerks.

5.      Thus, pursuant to 29 U.S.C. § 207(a) and 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6.      Mr. Ahmed files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff, **Syed Owais Ahmed**, is a resident of Harris County, Texas. Plaintiff was an "employee" under the FLSA.

9.      Defendant, **God is The Greatest, Inc. d/b/a Dave's Express**, is a Texas corporation wholly owned and controlled by the individual Defendant, Zulfiqar N. Ali. This Defendant may be served with summons and complaint by serving its registered agent, Zulfiqar N. Ali, at 5706 Root Road, Spring, Texas 77389. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating the Gas Station(s), this Defendant is engaged in business in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

10.      Defendant, **Zulfiqar N. Ali,** may be served with summons and complaint at his place of business at 5706 Root Road, Spring, Texas 77389. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Mr. Ahmed. Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

11.      Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by

those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

12.     In this civil action, the "relevant period" refers to the statute of limitations period expressly set forth in the FLSA, and thus it refers the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of jury verdict and judgment.

13.     During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

14.     During the relevant period, Mr. Ahmed was an "employee". 29 U.S.C. § 203(e).

15.     During the relevant period, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

16.     During the relevant period, the Defendants together were an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

17.     During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

18.     For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory minimum dollar amount.

19.     During the relevant period, Plaintiff and other clerks working for the Defendants were employees engaged in commerce or in the production of goods for commerce, allowing individual and enterprise coverage.

20.     Each such employee, including the Plaintiff, engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, gasoline, food items, cigarettes, alcohol, merchandize, and cleaning supplies.

21.     Each employee also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment and gasoline pumps and gasoline dispensing stations. Each employee also utilized instrumentalities of interstate commerce, including processing credit cards as payment from Gas Station customers, and selling lotto tickets for a nationwide lottery.

### V.
### FACTS

22.     Defendants employed Mr. Ahmed as a clerk at Dave's Express from March 15, 2021, until September 8, 2021.

23.     Mr. Ahmed performed duties typically performed by a convenience store clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases of gasoline and other items, stocking inventory on shelves, and cleaning the premises.

24.     The Defendants controlled Mr. Ahmed's terms and conditions of employment, including decisions relating to the non-payment of overtime wages, Plaintiff's hourly pay rate, and the number of hours Plaintiff worked during each workweek.

25.     At the outset of his employment, Defendants informed Mr. Ahmed that he will be working more than 40 hours a week. Defendants further informed Mr. Ahmed that he will not receive any portion of his wages at the overtime premium required by the FLSA.

26.     During his employment, Mr. Ahmed indeed worked well in excess of 40 hours a week, and received no overtime pay.

27.     Mr. Ahmed typically worked each week as follows:

- Monday:        11:00 a.m. until 10:00 p.m.
- Tuesday:       12:00 p.m. until 10:00 p.m.
- Wednesday:  12:00 p.m. until 10:00 p.m.
- Thursday:      12:00 p.m. until 10:00 p.m.
- Friday:          12:00 p.m. until 11:00 p.m.
- Saturday:      12:00 p.m. until 10:00 p.m.
- Sunday:          5:00 p.m. until 10:00 p.m.

28.     Mr. Ahmed's pay rate was $12.00 per hour, which the Defendants chose to pay in cash during the first two months of his employment, and with check thereafter.

29.     The Defendants failed to create and maintain proper pay records as to Mr. Ahmed's wages earned as a clerk at Dave's Express.

30.     Similarly, Defendants failed to create contemporaneous, accurate and complete time records indicating the total number of weekly hours Mr. Ahmed worked at Dave's Express.

31.     Defendants knowingly and willfully failed to pay Mr. Ahmed's overtime wages.

32.     Plaintiff now sues for the unpaid overtime wages the Defendants owe for his weekly overtime hours worked.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of 29 U.S.C. § 207(a) – Failure to pay overtime wages</u>

33.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

34.     Plaintiff was non-exempt under the FLSA because he was paid on an hourly basis. Therefore, no exemption excused Defendants' failure to pay Mr. Ahmed the weekly overtime wages he earned.

35.     During his employment with the Defendants, Mr. Ahmed worked overtime hours on a weekly basis, and Defendants were aware that he worked such overtime hours.

36.     Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice, week after week, year after year, of not paying overtime to their clerks, which included Mr. Ahmed. In violation of 29 U.S.C. § 207(a), the Defendants have willfully engaged in a wide-spread practice of requiring their clerks to work overtime without proper pay.

37.     Defendants informed Mr. Ahmed that no overtime would be paid despite being required to work overtime hours on a weekly basis.

38.     Mr. Ahmed in fact received no overtime pay from the Defendants.

39.     Plaintiff now sues to recover all overtime pay he earned while working for the Defendants as a clerk at Dave's Express.

40.     Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA and its regulations. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

41.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks liquidated damages in an amount equal to his overtime wages.

42.     Further, Plaintiff seeks attorney's fees and costs for bringing this action pursuant to 29 U.S.C. §216(b), which states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

43.     Plaintiff seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VII.
### JURY DEMAND

44.     Mr. Ahmed demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Syed Owais Ahmed respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants God is The Greatest, Inc. d/b/a Dave's Express; and Zulfiqar N. Ali, as follows:

a.   Declare the Defendants violated 29 U.S.C. § 207(a) because they failed to pay Plaintiff's overtime wages;

b.   Declare the Defendants' violations of the FLSA are willful;

c.   Order Defendants to pay Mr. Ahmed's unpaid overtime wages;

d.   Order Defendants to pay liquidated damages in an amount equal to Mr. Ahmed's unpaid overtime wages;

e.   Order Defendants to pay Mr. Ahmed's reasonable attorney's fees and all costs of litigation; and,

f.   Order Defendants to pay post-judgment interest accessed at the highest lawful rate on all amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:   */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Syed Owais Ahmed**